John Morrison
Scott Peterson
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
P.O. Box 557
Helena, MT 59624-0557
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
speterson@mswdlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION**

| TODD COPENHAVER and AMBER COPENHAVER,<br><br>Plaintiffs,<br><br>vs.<br><br>CAVAGNA GROUP S.p.A OMECA DIVISION; AMERIGAS PROPANE, L.P.; ALBERTSONS COMPANIES, INC.; NINGBO WANAN CO., LTD; and DOES 1-10,<br><br>Defendants. | Case No.: 1:19-cv-00071-SPW-TJC<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEY FEES UNDER RULE 37** |
|---|---|

Plaintiffs respectfully submit this brief in support of their motion for attorney fees under rule 37 (a)(5)(A), Fed. R. Civ. Pro. and pursuant to this Court's Order granting their Motion to Compel (Doc. 96). The facts of this protracted,

eleven-month effort to obtain answers to basic written discovery requests has been thoroughly documented in Plaintiffs' papers submitted in connection with the Motion to Compel.  Docs. 63, 64, 64-1 through 64-5, 85, 85-1 through 85-4, 87, and 93.  In order not to further multiply these proceedings, Plaintiffs will not repeat them here.  It is sufficient to say that Cavagna's lack of response to basic interrogatories and requests for production without any reasonable basis was extraordinary.  Cavagna's non-disclosures were flagrant and showed little interest in attempting to reach compromise or even minimal compliance with discovery requirements.  To the best of the recollection of the undersigned counsel, this is the first time he has ever sought attorney fees in connection with a motion to compel.  They are required here in order to make Plaintiffs whole for the unnecessary work that was required and in order to serve as a deterrent to such conduct in the future.

   1. **Requiring payment of fees is consistent with the purpose and guidelines of Rule 37 and the other rules governing written discovery.**

      a. <u>**Rule 37 fees serve an important purpose.**</u>

The purpose of the attorney fee and cost sanction is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999).  Rule 37 sanctions do more than penalize individual violators, the sanctions also provide deterrence to those who would circumvent the discovery rules absent some penalty. *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L. Ed. 2d 488

2

(1980).

Protecting Plaintiffs from the unreasonable delays that occurred here necessarily entails both compensating Plaintiffs (for unnecessary legal work and prejudice to their discovery) and holding Cavgana accountable. The latter objective serves as a deterrent to future dilatory tactics by Cavgana and upholds the expectations and the integrity of this Court and the discovery process. This objective becomes especially salient where the conduct in question involved *pro hac vice* counsel. *Cyphers v. Fuji Heavy Indus. Co.*, 32 F. Supp. 2d 1199 (D. Mont. 1998)(*Pro hac vice* admission denied in product liability case due to history of abusive discovery practices. "Admission to practice *pro hac vice* is a privilege and not a right.")

### b. The Rules governing the discovery at issue were clear.

A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). A party may serve an interrogatory relating "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id.* Responses to interrogatories and requests for production are due within 30 days of the date of service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). If objection is made, the grounds and reasons for the objection must be stated "with

specificity." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

    c. **Rule 37 makes the award of fees mandatory when the motion to compel is granted barring circumstances not present here.**

Rule 37(a)(5) provides that the Court must require the party whose actions necessitated the motion to pay reasonable costs and fees associated with the motion. Fed. R. Civ. P. 37(a)(5). Conversely, the court must not order an award of fees if it is convinced that the motion was 1) filed prematurely, without a good-faith attempt to resolve the conflict; 2) the opposing party's nondisclosure was substantially justified; or 3) if the award of sanctions would harm the interest of justice. Fed. R. Civ. P. 37(a)(5)(A).

Sanctions are appropriate where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). An "evasive or incomplete disclosure, answer or response" is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Plaintiffs' papers filed in connection with the Motion to Compel (Docs. 63, 64, 64-1 through 64-5, 85, 85-1 through 85-4, 87, and 93) demonstrate that Plaintiffs went to great lengths to obtain discovery answers before finally having to file the motion to compel.

Importantly, the sanction applies not just to rulings but also responses served after the motion is filed. Rule 37(a)(5)(A) ("--or if the disclosure or requested discovery is provided after the motion was filed—"). Thus, for example, Plaintiffs are entitled to fees for time spent extracting the supplemental answers about affirmative defenses that came 17 days after the motion was filed (which was more than five months after the discovery responses were due and nearly three months after the meet and confer began).

Rule 37(a)(5)(C) does provide that, if the motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. The Court indicated at the August 11 hearing and in the Order granting the Motion to Compel that Plaintiffs were only partially successful.  As further explained below, Plaintiffs respectfully submit that the motion was necessary and granted in every material respect.  Plaintiffs take no pleasure or pride in that fact, but for purposes of the payment of fees under the Rule, the result warrants requiring Cavagna to pay all the fees and costs incurred by Plaintiffs.

//

2. **Plaintiffs prevailed on all material points in the motion that they pressed.**

The issues the Plaintiffs brought to the court were properly resolved almost entirely in favor of Plaintiffs.

<u>Interrogatory No. 2</u> asked Cavagna to identify individuals with knowledge relevant to the complaint. As this court noted during the hearing, this is a basic and common initial written discovery request. It is designed to produce a list of people from whom discovery should be obtained. Cavagna only identified its COO (Mr. Maffi) and its president of U.S. operations (Mr. Darche). Cavagna stated it "has not yet had an opportunity to conduct an investigation into this matter" (Doc. 64-1), despite the fact that its expert and legal counsel had been involved in the case for over a year. Cavagna raised no objection to the interrogatory. Nevertheless, Plaintiffs specified in January 2020:

> Cavagna has had ample time to conduct a meaningful investigation. This investigation must include the internal investigation of Cavagna and identification of individuals who possess relevant information about the product such as individuals who participated in the design and testing of the product, individuals who have handled complaints, claims, lawsuits and media inquiries about the product, and individuals who have first-hand information about the documents you produced. Doc. 64-2

Mr. Ciano said the list of people involved in design and testing was too long to provide. Doc. 64-3. Months later, he said he did not know how many engineers or even how many employees Cavagna had, which showed that he never even

made inquiry. Doc. 93. Mr. Ciano insisted on only identifying two persons with the "most knowledge." If Cavagna had made any kind of good faith effort to answer this question, even as to the specific categories of potential witnesses identified by Plaintiffs in January, the Motion to Compel would have been avoided. Instead, months of legal work was required, the Court granted the motion, and yet Plaintiffs still have no names in response to this simple, common, preliminary interrogatory. All of the time spent on the Motion to Compel on this point was unnecessary but was made necessary because Cavagna refused to identify anyone other than Maffi and Darche.

<u>Interrogatory No. 4</u> asked Cavagna to state the basis for its affirmative defenses. Cavagnas's pleading asserts affirmative defenses that include assigning liability to other parties, statute of limitations, intervening and superseding cause, open and obvious defect, unreasonable misuse, modification or alteration of the product, among others. Cavagna's answer to the interrogatory offered only a conclusory statement that "plaintiffs and Robert Burris misused the subject BBQ, cylinder and valve, as well as all of their components...." Cavagna said its "investigation is continuing" and said, "Expert opinion will be provided." Doc. 64-1. As a result of the non-answer, Plaintiffs were prejudiced in the depositions on March 3 and 4 because Cavagna still had not answered this basic question. Not until its supplemental answers on April 17, 2020, three weeks after the Motion to

Compel was filed, did Cavagna provide an answer.  Doc. 85-1.  Similarly, Interrogatory No. 8 asked for ways in which Cavagna contended Plaintiffs were responsible for their own injuries and Interrogatory No. 3 asked Cavagna to identify other parties it contended were responsible.  Cavagna provided the same non-answers as it did to Interrogatory No. 4 and supplemented only on April 17.  While these responses were not before the Court at the time of the hearing, the motion was successful on these points (and Plaintiffs are entitled to fees as to them) because it was not until the Motion to Compel was filed that the responses were provided.  Rule 37(a)(5)(A).

   Interrogatory No. 6 and RFP No. 1 pertain to the other similar case information. The Court will recall that this was discussed at the preliminary pretrial conference.  Full authority was provided to Cavagna in October 2019 and again in January 2020.  Despite Mr. Ciano agreeing to provide this information in the very first meet and confer conference, Cavagna provided nothing. Even at the time of the hearing on the Motion to Compel, Cavagna had provided nothing. The parties agreed back in January that the request would be limited to the defective valve complaints against Cavagna and, if Cavagna had provided those documents at that time, the Motion to Compel would not have been necessary.  Instead, even after agreeing to produce these documents, Cavagna still had not done so at the time of

8

the August 11 hearing. Only after this Court granted the motion did Cavagna produce the first documents in response to this request.

RFP No. 16 asked for internal and external communications regarding fugitive propane gas, but no communications were provided. Mr. Ciano argued the communications were protected work product. Doc. 64-1. Plaintiffs asked for a privilege log (Doc. 64-3), but one was never provided. When Mr. Ciano said there were 13,000 emails with counsel, Plaintiffs' counsel asked that Cavagna designate them in the privilege log in whatever way Cavagna felt was appropriate. Doc. 64-4. Still, no privilege log was provided. The parties agreed to limit the scope of the request but the motion to compel was necessary and successful because even by the time of the hearing no communications whatsoever had been produced. Cavagna's supplemental responses did not even address this issue. Doc. 85-1. Plaintiffs showed willingness to compromise to receive any responsive documents, particularly emails that did not involve counsel, but still nothing has been received.

Interrogatories Nos, 5 and 9 and Requests for Production Nos. 5, 6, 8, 9, asked Cavagna to identify and produce to any other regulations, standards, guidelines, rules, articles, studies, and other such responsive writings that relate to the allegations of the Complaint. Cavagna provided only vague references to websites, newsletters and magazines of a list of organizations. Such answers constitute non-answers. See, e.g., *U.S. ex rel. Englund v. L.A. Cnty.*, 235 F.R.D.

675, 682 (E.D. Cal. 2006); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (specification of records must be in sufficient detail to allow party to locate and identify documents from which the interrogatory answer may be ascertained, as readily as the party served); *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004)("'[A party] must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents.'"). Nevertheless, Plaintiffs resolved to handle these matters at the motion in limine stage and advised Cavagna specifically: "While we do not intend to press this in the motion to compel, because we understand that you may have no such literature, we will object to the use of any literature that is not specifically identified in response to this Interrogatory and produced in response to the RFPs." Doc. 85-2. Thus, Plaintiffs were not in any way unsuccessful as to these aspects of the Motion to Compel. Cavagna's failure to disclose this information in discovery responses will be addressed at the time of motions in limine and the notice and work involved in providing ample notice to Cavagna will be evidence later in support of exclusion of concealed responsive information and documents.

  <u>Privilege log</u>. As mentioned above, Cavagna has produced no privilege log in direct violation of Rule 26(b)(5)(A)(ii). From the beginning, Plaintiffs' counsel

expressed willingness to reach agreement on categorization of responsive material. Doc. 64-4. It was the responsibility of Cavagna to produce the privilege log so that, if it was insufficient, the parties could further negotiate, which is how such matters are handled in every other case. Although Cavagna still has produced no privilege log at all, the Court Ordered the privilege log to be produced. So, the motion was successful on that point as well.

<u>NDA</u>. This is the only area where Plaintiffs believe the court in some way "denied" the motion to compel it as much as the court suggested that documents at the end of the case be placed in a segregated electronic file where they could be reached if necessary. The courts suggestion was a compromise between the two sides and was acceptable to both. The parties were unable to resolve the disagreement over the language describing the scope of the agreement. Cavagna insisted, coming into the hearing, that the agreement cover confidential, non-public, proprietary, and/or sensitive material. The court agreed with Plaintiffs that this definition of confidential was overly broad. Plaintiffs suggested the agreement be limited to those matters that are proprietary in keeping with § 2-6-1020, MCA. Cavagna disagreed and the issue was submitted to the Court subject to further briefing on the statute. On August 20, Mr. Stacey wrote to Plaintiffs' counsel: "We are now in agreement to use the word "and" and will not argue that the word "or" needs to be inserted. Therefore, that entire paragraph will remain intact with

the word "and" as you requested."  So, Plaintiffs have been successful on this point as well.  This also means that all the documents being withheld for nearly a year that were not proprietary (such as the other similar case complaints, for one example) were improperly withheld; all the effort to obtain them and prejudice in not having them through these eleven months, including before expert witness disclosures, could have and should have been avoided.

30(b)(6) deposition. Parties disagreed about whether the 30(b)(6) deposition should be taken remotely. While Plaintiffs understood Mr. Ciano's desire to defend the deposition in person, and wish the deposition could be taken in person, the Covid-19 travel restrictions obviously pose a barrier to that.  For that reason, Plaintiffs asked the Court to compel the witness to appear remotely because of the travel restrictions that are in place due to the virus. The Court ruled in Plaintiffs' favor on this point as well.

This is the first time in Plaintiffs' counsel's recollection that he has sought sanctions under Rule 37, and he has done so because this is the most egregious example of refusal to respond to discovery that he has seen in his legal career.

In fairness to Mr. Stacey, his involvement in the discovery process was largely helpful in terms of reaching agreement and bringing Cavagna into compliance on some matters without Court involvement. To be candid, the obstruction and division at every turn came primarily from Mr. Ciano, who appears

in this Court *pro hac vice*. As this Court has noted before and as cited above, this status is a privilege and not a right. Sanctions are necessary to prevent this from happening again.

3. **Plaintiffs were in good faith, Cavagna's conduct was not substantially justified, and the award of fees would not be unjust.**

As noted above, Rule 37(a)(5)(A) states that fees should not be awarded if "the motion was 1) filed prematurely, without a good-faith attempt to resolve the conflict; 2) the opposing party's nondisclosure was substantially justified; or 3) if the award of sanctions would harm the interest of justice." Plaintiffs need not belabor point number one. The record before the Court shows that months of exhaustive meet and confer efforts occurred here. Multiple letters and emails and hours of meetings led to very little compliance. On the second point, Cavagna's non-compliance was not substantially justified. This motion did not involve a good faith dispute over a fairly disputed point. On numerous fronts, Cavagna simply thumbed its nose at Plaintiffs' discovery requests forcing numerous issues to be presented to the Court, even with respect to information and documents that Cavagna had promised for months to provide and still did not. On the third point, requiring Cavagna to pay the fees requested herein would not harm the interests of justice and instead would serve justice in the ways described at the beginning of this brief. In short, Cavagna's conduct was unusual, unjustified and prejudicial. Sanctions are needed as a deterrent. Conversely, not granting—or significantly

limiting—fees will have the opposite effect: it will give Cavagna a green light to continue obstructing discovery. Moreover, it would discourage Cavagna from compromising disputes going forward. If the only consequence of concealing information and documents and obstructing discovery is that much later you will be required to disclose and produce the same thing, there is little reason to reach agreement. Finally, it would be manifestly unfair to leave Plaintiffs uncompensated for the many extra hours of work that were required to overcome Cavagna's obstruction.

**4. Plaintiffs are entitled to fees for the time spent briefing the fee issue.**

"A party entitled to attorney fees may also recover additional amounts, or 'fees on fees,' necessarily incurred in obtaining an award." *Bark v. Northrop*, 300 F.R.D. 486, 495 (D. Or. 2014); see also *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (indicating that "fees on fees" are recoverable under 42 U.S.C. § 1988); *SOC-SMG, Inc. v. Christian & Timbers*, No. 08-cv-392, 2010 U.S. Dist. LEXIS 50062, at *18 (D. Nev. May 20, 2010) (awarding fees under Rule 37 for "fees on fees" based on same principle); *Nguyen v. Regents of the Univ. of Cal.*, 2018 U.S. Dist. LEXIS 226622 (C.D. Cal).

**5. The interpretation of § 2-6-1020, MCA has been resolved.**

The Court in its Order granting the Motion to Compel (Doc. 96) also gave the parties 14 days to brief the effect of § 2-6-1020, MCA, on the NDA. Because

Cavagna has agreed to limit the NDA to materials that are "confidential and proprietary," this issue is no longer in dispute. Therefore, while Plaintiffs believe the statute is clear (and perhaps Cavagna does too), the question of the statute's meaning is no longer at issue. Plaintiffs will therefore not burden the Court or the parties with briefing on it.

**Conclusion**

For the above reasons, and the record before the Court, Plaintiffs respectfully ask this court to grant Plaintiffs' attorney fees, incurred in connection with the motion to compel, in full. The declaration of John Morrison regarding those hours and the suggested reasonable hourly fee is submitted here with.

DATED this 27th day of August, 2020.

By: /s/ John M. Morrison
John M. Morrison
MORRISON SHERWOOD WILSON DEOLA PLLP
*Attorney for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E) of the Montana Federal Local Rules of Procedure, I certify that the foregoing document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word 2016 for Mac 3343 excluding caption and certificate of compliance.

DATED this 27th day of August, 2020.

By: /s/ John M. Morrison
John Morrison
MORRISON SHERWOOD WILSON DEOLA PLLP
*Attorney for Plaintiffs*