IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD COPENHAVER and AMBER COPENHAVER, | CV 19-71-BLG-SPW-TJC |
| Plaintiffs, | **ORDER** |
| vs. | |
| CAVAGNA GROUP S.p.A OMECA DIVISION, AMERIGAS PROPANE, L.P., ALBERTSONS, LLC., and DOES 1-10, | |
| Defendants. | |

Before the Court are Plaintiffs Todd and Amber Copenhaver and Defendant Cavagna Group S.p.A. Omeca Division's respective Motions to File Documents Under Seal.  (Docs. 130, 145, 187.)

The starting point for motions to seal in the Ninth Circuit is a "strong presumption in favor of access."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir.2003)).  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* (citing *Foltz*, 331 F.3d at 1135); *Ruffner v. Ken Blanchard Companies, Inc.*, 2017 WL 11423946, at *1 (D. Mont. Nov. 16,

2017).  This standard requires the party to "articulate compelling reasons supported by specific factual findings, such that they outweigh the general history of access and the public policy favoring disclosure."  *Id.*  Local Rules 1.3 and 5.2 embody the Ninth Circuit's compelling reasons standard.

Here, the motions fail to comply with L.R. 5.2(d)'s provisions.  In Plaintiffs' first motion to seal (Doc. 130), no reason is given for sealing the five requested documents other than to state they "fall within existing protective stipulations."  In their second motion (Doc. 145), Plaintiffs cite to L.R. 5.2 but provide no reason why inclusion in the public record is not appropriate.  Defendant's motion (Doc. 187) fails for the same reason.  Accordingly,

IT IS HEREBY ORDERED that the motions (Docs. 130, 145, 187) are DENIED without prejudice.  The parties may refile their motions in compliance with L.R. 5.2(d) by explaining why including the document in the public record is not appropriate, and either (1) state why it is not feasible to file a redacted version of the document in the public record, or (2) be accompanied by a redacted version of the document filed in the public record.

**IT IS ORDERED**.

DATED this 16th day of February, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge