IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD COPENHAVER and AMBER COPENHAVER,<br><br>     Plaintiffs,<br><br>vs.<br><br>CAVAGNA GROUP S.p.A OMECA DIVISION; AMERIGAS PROPANE, L.P., ALBERTSONS COMPANIES, INC., NINGBO WANAN CO., LTD; RUNNING SUPPLY, INC. d/b/a RUNNINGS and DOES 1-10,<br><br>     Defendants. | CV 19-71-BLG-SPW-TJC<br><br><br>**ORDER** |

Plaintiffs Todd Copenhaver and Amber Copenhaver (collectively, "Copenhavers") bring this action against Cavagna Group S.p.A Omeca Division ("Cavagna") and other above-named Defendants, alleging that a defective propane cylinder valve manufactured by Cavagna caused Todd Copenhaver to be severely burned.  (Doc. 1.)

Presently before the Court is Copenhavers' Motion for Attorney Fees Under Rule 37.  (Doc. 97.)  The matter is fully briefed and ripe for review.  For the following reasons, Copenhavers' motion is denied.

/ / /

1

## I.    Background

On April 1, 2020, Copenhavers filed a Motion to Compel and for Sanctions. (Doc. 63.)  Copenhavers alleged that Cavagna failed to provide adequate responses to several interrogatories, requests for production, and requests for admission that had been submitted in discovery.  (Doc. 64 at 8-11.)  They also argued that Cavagna had not provided the identity of witnesses and dates for a Fed. R. Civ. P. 30(b)(6) deposition.  (*Id.* at 11-12.)

Cavagna responded that they had timely answered Copenhavers' discovery requests and had supplemented their responses on two occasions after meet and confer conferences.  (Doc. 86 at 3.)  Cavagna represented that some 780 pages of documents had been produced, and additional documents would be produced upon the execution of a non-disclosure agreement ("NDA").  (*Id.*)

The Court set a hearing on the motion to compel.  (Doc. 91.)  The Court further ordered, however, that the parties were to meet and confer concerning the disputed discovery issues prior to the hearing and to file a status report identifying what issues remain to be resolved.  (*Id.*)  The parties did so and substantially narrowed the issues in dispute.  (Doc. 93.)

### A.    Hearing

The Court held a hearing on August 11, 2020.  (Doc. 95.)  After initial arguments from the parties, the Court recessed over the noon hour to allow the

2

parties the opportunity for further meet and confer efforts.  Court was convened

approximately 2 hours later, and the parties had substantially resolved all existing

issues.  Following are the issues which were unresolved at the time of the hearing,

and the parties' proposed resolution:

1.     *Copenhavers' Interr. No. 2:  Individuals with relevant information*

Copenhavers requested that Cavagna identify persons who possess

information relevant to the allegations of Plaintiffs' Complaint and provide a brief

summary of each person's knowledge.  (Doc. 93 at 2.)  Cavagna responded that it

was "not failing to comply with the request" and had conferred with Copenhavers

regarding the scope of the request.  (Docs. 86 at 12; 93 at 3.)  Cavagna stated that it

had offered to provide "a list of every engineer or other category of Cavagna

personnel."  (Doc. 93 at 3.)  Cavagna also "asked plaintiff to articulate the types of

witnesses, subject matter, and/or areas of inquiry, so additional witnesses could be

identified."  (*Id.*)  Nevertheless, the parties were apparently unable to agree on the

scope of the request.

After conferring at the August 11 hearing, the parties agreed that the

required disclosure would be limited to people who were involved in the design

and testing of the product, and those involved with complaints about the product

that involved escaping gas and fire issues.  (Doc. 162 at 56.)

/ / /

3

    2.    *Interr. No. 6 and RFP No. 1: Other complaints or lawsuits*

Copenhavers submit that they have "discovered a number of lawsuits against Cavagna related to this valve through their own investigation," which have not been identified in discovery. (Doc. 93 at 4.) Cavagna responded that they agreed to provide complaints from all prior lawsuits but did not agree to provide complaints about the subject valve that did not go to litigation. (*Id.* at 4-5.)

After conferring at the hearing, the parties agreed that Cavagna will provide complaints for cases that are in litigation, and any correspondence that involve non-litigated complaints of similar issues. (Doc. 162 at 57.) According to Cavagna, there are "just a couple" that fall within the latter category. (*Id.*)

    3.    *RFP No. 16: Internal and External Communications*

The parties had previously agreed that Cavagna would provide internal non-privileged documents regarding allegations of gas leaking from the valve and any steps taken by Cavagna in response to those allegations. (Doc. 93 at 7.) But Cavagna had not provided the documents prior to hearing. (*Id.*)

At the hearing, the parties confirmed the agreement and further specified that Cavagna would provide nonprivileged communications that relate to "fugitive gas" emanating from the area of a valve gasket or an area of the valve referred to as "the spud." (Doc. 162 at 57.)

/ / /

4

### 4.    *Privilege Log*

Copenhavers requested that Cavagna provide a privilege log under Fed. R. Civ. P. 26(b)(5).  (Doc. 93 at 8.)  Cavagna responded that providing a privilege log as requested by Copenhavers would be a "massive undertaking," and would "consume tremendous resources."  (*Id.*)  Cavagna maintained that Copenhavers' request would require it to review and log approximately 20,000 emails between Cavagna and its counsel alone.  (Doc. 86 at 11.)

After conferring on the issue, the parties agreed that Cavagna would provide a categorical privilege log, where any withheld documents could be grouped under certain specified categories, rather than itemizing each document individually. (Doc. 162 at 57-59.)

### 5.    *Non-Disclosure Agreement*

Prior to hearing, the "only point of disagreement between the parties as to the NDA [was] the question of whether Plaintiffs' counsel must delete electronic images of documents marked confidential after the conclusion of the case."  (Doc. 93 at 8.)  Cavagna wanted the electronic documents returned; Copenhavers' counsel wanted to retain the documents.

After conferring at the hearing, Copenhavers agreed that at the conclusion of the case the electronic discovery materials would be returned to Cavagna, but they would be preserved in a repository in the event they needed to be retrieved in the

future.  (Doc. 162 at 60.)  Copenhavers' counsel would also retain an index of the documents produced.  (*Id.*)

>6.    *Rule 30(b)(6) Deposition*

The parties continued to disagree over the location of any Rule 30(b)(6) depositions, and whether they could be conducted by remote means.  (Doc. 162 at 29-30, 45-46.)  Cavagna maintained that arrangements for a Rule 30(b)(6) deposition had been complicated by the COVID-19 pandemic.  (*Id.* at 45-46.)  Specifically, Cavagna's counsel desired to be present in-person for any Rule 30(b)(6) depositions, but restrictions on international travel had been in place frustrating travel to Cavagna's principal location in Italy.  (*Id.*)  Copenhavers desired to take the deposition by remote means.  (*Id.* at 29-30.)

After conferring at the hearing, the parties agreed that depositions of witnesses located in Italy would be taken remotely by videoconference.  (*Id.* at 60.)

## B.    Order and Request for Fees and Costs

The Court ordered that discovery be conducted in accordance with the parties' stipulation and issued an order accordingly pursuant to Fed. R. Civ. P. 37(a).  (Doc. 162 at 61-62.)  In so doing, the Court made clear that failure to comply with the stipulated resolution may be subject to sanctions under Fed. R. Civ. P. 37(b)(2).  (*Id.* at 62.)

At the conclusion of the hearing, Copenhavers' counsel requested fees and costs under Fed. R. Civ. P. 37(a)(5). (Doc. 162 at 68.) The Court commented that, pursuant to the parties' stipulation, it appeared that Copenhavers' motion had been granted in part and denied in part. (*Id.*) The Court said under those circumstances the Court can potentially apportion the reasonable expenses for the motion under Fed. R. Civ. P. 37(a)(5)(C). (*Id.*) The Court thus allowed Copenhavers' counsel to submit a claim for fees and costs, apportioning that which Copenhavers attributed to the successful portions of its motion, and said it would take the request under advisement. (*Id.* at 68-69.)

Copenhavers subsequently submitted a claim for 100 hours at the rate of $400 dollars per hour, for a total claim of $40,000. (Doc. 99.) Copenhavers did not attempt to apportion their fee claim in any manner, arguing instead that their motion to compel had been successful in all respects. (Doc. 98 at 5-13.)

## II.   ANALYSIS

Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel discovery responses is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion, including attorney fees. But the Court must not order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

7

The Court finds that Copenhavers failed to do so here.  It appears that the parties were actively working together and attempting to resolve their discovery dispute at the time Copenhavers filed their motion to compel.  It further appears clear that the issues raised by the Copenhavers' motion were eminently resolvable. As outlined above, the issues consisted of matters that attorneys regularly and routinely deal with and settle without court intervention.  To that point, when given the opportunity to do so, the parties were able to solve the bulk of their disagreement prior to hearing.  They were then able to resolve all remaining issues over a two-hour lunch recess at the August 11 hearing.  The issues were resolved in the manner in which these disputes are always settled – through direct dialogue where each party is open to compromise to ensure "discovery [is obtained] regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  Fed. R. Civ. P. 26(b)(1).  Striking a balance between privilege, relevance, and proportionality almost always requires some degree of work and cooperation from the parties throughout the discovery process.  There is no requirement that a party go to "extraordinary lengths to meet and confer."  *Osborne v. Billings Clinic, et al.*, 2015 WL 1643379 at *2 (D. Mont. April 13, 2015).  Nevertheless, "[j]udicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in the dispute, or one party has acted in bad faith by either refusing to negotiate or

8

provide specific support for its claims." *Id.*  Neither situation appears to have been present here.

Furthermore, it is difficult to determine which of the initial issues of dispute were resolved in Copenhavers' favor.  It appears some were resolved through compromise, where Copenhavers conceded certain demands; some were withdrawn prior to hearing; and some, on balance, were resolved in Copenhavers' favor.  But even if the Court were inclined to find that Copenhavers were entitled to an apportionment of fees and costs, it would be impossible to do so given the declaration and time log submitted by Copenhavers' counsel.  (Doc. 99.)  It appears Copenhavers' counsel did not make a contemporaneous record of the time devoted to discovery issues.  Instead, the time log is apparently a re-creation based on "estimates" of time from existing documents or emails between the parties. (Doc. 99 at 2.)  Almost all entries are general in nature, such as "email to Stacey" or "letter, legal research."  (Doc. 99-1 at 1.)  In short, it would be virtually impossible in most instances to connect any specific issue which Copenhavers arguably prevailed on, with any of the specific entries on counsel's time log. Consequently, Copenhavers' motion is not properly supported, and any reasonable apportionment would not be possible.

/ / /

/ / /

9

THEREFORE, it is hereby ordered that Copenhavers' Motion for Attorney Fees (Doc. 97) is DENIED.

**IT IS ORDERED**.

DATED this 12th day of March, 2021.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge