IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD COPENHAVER and AMBER COPENHAVER, <br><br> Plaintiffs, <br><br> vs. <br><br> CAVAGNA GROUP S.p.A OMECA DIVISION; AMERIGAS PROPANE, L.P.; ALBERTSONS COMPANIES, INC.; and DOES 1-10, <br><br> Defendants. | CV 19-71-BLG-SPW <br><br> ORDER |

Before the Court is Plaintiffs Amber and Todd Copenhaver's Objection (Doc. 217) to a non-dispositive Order by Magistrate Judge Cavan denying attorney's fees under Federal Rule of Civil Procedure 37. (Doc. 214). Defendants filed a response to that objection. (Doc. 223). The Court denies the objection for the following reasons.

**I.  Background**

In April 2020, Plaintiffs filed a Motion to Compel and requested sanctions. (Doc. 61). Essentially, the parties disagreed as to whether Defendants adequately responded to interrogatories, requests for production, and requests for admission. (Doc. 214 at 2). Judge Cavan, after a hearing on the matter during which the

1

parties stipulated to the resolution of some of the issues, took Plaintiffs' request for fees and costs under advisement, noting that because the motion to compel had been granted in part and denied in part, an award is discretionary and limited to reasonable expenses. (Doc. 214 at 7).

After due consideration, Judge Cavan denied the request, finding that Plaintiffs failed to attempt in good faith to obtain the discovery without court action prior to filing their motion to compel, as required under Rule 37(a)(5)(A)(i) for an award of fees and costs. (Doc. 214 at 7-8). Specifically, he did not find that an impasse had occurred between the parties prior to the motion's filing or that Defendants had acted in bad faith. (Doc. 214 at 8-9). Judge Cavan further determined that Plaintiffs were not wholly successful on the merits, and due to the resolution of the matters through compromise, said that "it is difficult to determine which of the initial disputes were resolved in [Plaintiffs'] favor." (Doc. 214 at 9). Finally, Judge Cavan found that, even if fees were appropriate, the time log submitted by Plaintiffs' counsel was insufficiently descriptive to justify a reasonable apportionment of fees. (Doc. 214 at 9).

Plaintiffs objected on four grounds, claiming that they were wholly successful on their motion to compel, that they attempted in good faith to obtain the discovery and disclosures prior to filing the motion, that Cavagna produced no substantive documents prior to the motion, and that the time log they provided is

"highly detailed" and provides adequate basis for an equitable determination of fees. (Doc. 217 at 9 and 20-22). Defendants responded that Plaintiffs failed to satisfy the "meet and confer" requirements of Rule 37, that Plaintiffs did not wholly succeed on their motion, and that Plaintiffs failed to justify that the fees claimed were reasonable and that Judge Cavan correctly determined that the time log was overly vague. (Doc. 223 at 6, 8, and 17).

## II.   Analysis

Pertinent to Plaintiffs' objections, appeals to the district court of a magistrate's non-dispositive rulings are governed by Fed. R. Civ. P. 72(a). In relevant part, the rule states that the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Rule 37(a)(5) requires that the non-moving party pay the costs of bringing the motion to compel, including attorney's fees, if the movant was successful in the motion, unless the movant filed the motion before attempting in good faith to obtain the material without court action or if the nondisclosure, response, or objection was substantially justified. The rule additionally provides that, in instances where the motion is granted in part and denied in part, the court may apportion reasonable expenses for the motion.

Judge Cavan denied the costs and fee award on three bases: (1) that Plaintiffs did not attempt in good faith to obtain the disclosure or discovery without

3

court action, (2) that the Plaintiffs were not wholly successful on the merits and a fee award was therefore not mandatory, and (3) that, even if an award was appropriate, the time log submitted by Plaintiffs' counsel is insufficient to apportion the fees. (Doc. 214 at 8-9). Specifically, Judge Cavan found that the parties were working together on discovery matters that attorneys "regularly and routinely deal with and settle without court intervention" and that therefore Plaintiffs' request for judicial intervention was premature and unnecessary. (Doc. 214 at 8). Judge Cavan supported this finding by noting that the bulk of the disagreement was resolved prior to the hearing and through direct dialogue and compromise, demonstrating that the good faith attempt standard was not satisfied. Furthermore, Judge Cavan noted that not every item in dispute was resolved by his order; many were solved through compromise prior to the hearing with some concessions from Plaintiffs.

While the Court agrees that discovery in this case has been frustrating, the Plaintiffs' arguments that they attempted to obtain the discovery in good faith do not convince the Court that Judge Cavan's determinations were erroneous or legally incorrect. Plaintiffs' arguments are also essentially a restatement of their points when they argued the initial motion to Judge Cavan. The Court will not substitute its judgment for Judge Cavan's on a detailed discovery matter where the

presiding judge is in the best position to make that determination absent compelling reasons; a compelling reason has not been presented here.

Furthermore, the Court agrees with Judge Cavan, despite Plaintiffs' objections, that the Plaintiffs were not wholly successful on their motion. Plaintiffs admit as much. They state that they were successful on "nearly every" matter pursued in their motion to compel. (Doc. 217 at 14). Cavagna points out that Plaintiffs did not succeed on the NDA matter presented in their motion. Success on "nearly every" issue does not equal a wholly successful motion. Therefore, the matter of fee apportionment was left to Judge Cavan's discretion under Rule 37(a)(5)(C). The Court cannot say that Judge Cavan's determination was clearly erroneous or contrary to law. In fact, Judge Cavan's order details his reasoning, and the Court finds nothing incorrect, let alone clearly erroneous. Objectors face a heavy burden attempting to overturn a magistrate's non-dispositive determination, and that burden was not met here.

### III. Conclusion

For the reasons stated above, Plaintiffs' Objection (Doc. 217) is DENIED.

DATED this 10th day of August 2021.

SUSAN P. WATTERS
United States District Judge

5