IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD COPENHAVER and AMBER COPENHAVER,<br><br>Plaintiffs,<br><br>vs.<br><br>CAVAGNA NORTH AMERICA, INC., AMERIGAS PROPANE, L.P., ALBERTSONS, LLC., BLUE RHINO CORPORATION., and DOES 1-10,<br><br>Defendants. | CV 19-71-BLG-SPW-TJC<br><br>**ORDER** |

Presently before the Court is Defendants Amerigas Propane, LP, and Albertsons Companies' (Defendants) Amended Motion to Reopen Discovery on a Limited Basis. (Doc. 245.) Defendants seek to disclose an expert witness to meet a potential theory of recovery included in Plaintiffs' Fourth Amended Complaint (Doc. 231.) Plaintiffs oppose the motion. After considering the parties' submissions, the Court will **GRANT** Defendants' motion, as set forth below.

On July 27, 2021, the Court granted Plaintiffs leave to file their Fourth Amended Complaint over Defendants' objection. (Doc. 231.) The Court's order set forth an extended discussion of the facts and circumstances underlying the disputed amendment, which will not be repeated here. Briefly, however, Defendants argued that the Fourth Amended Complaint includes a new and

1

different theory of recovery that could expose Defendants to direct liability. In particular, the amended complaint includes a potential theory that the fire from the propane cylinder was caused by a propane leak at the base of the valve or "spud," rather than from the valve itself. (Doc. 231 at ¶ 25.) If so, Plaintiffs allege the fire resulted from "a defective unreasonably dangerous condition that existed at the time of the sale of the product to Todd Copenhaver" by Defendants. (*Id.*) Defendants argued that the motion was made after the deadline for disclosure of experts, and after the close of discovery, which prevented them from being able to meet the theory of liability.

   The Court granted the motion to amend, but also granted leave for Defendants to move to reopen discovery on a very limited basis. (Doc. 230 at 12.) Defendants were cautioned that the motion would not be granted unless Defendants could show specifically what additional discovery is necessary, how long it will take to accomplish, and why they were prevented from conducting the discovery previously. (*Id.* at 12-13.)

   Defendants moved to reopen discovery and specified that they seek to disclose their own expert witness to address the new theory of liability in the Fourth Amended Complaint. Specifically, they request the opportunity for their own expert to "analyze the alleged defect related to a spontaneous leak at the spud connection just prior to use, and whether it was likely due to 'some unspecified

2

defective and unreasonably dangerous condition of the product that existed at the time it was sold to Todd Copenhaver.'"  (Doc. 237 at 3.)

The Court finds good cause to extend discovery in this action on a limited basis.  Regardless of whether Defendants could have or should have anticipated that they were exposed to direct liability based upon the spud leakage theory, the fact remains that Plaintiffs did not seek to amend their pleadings to specifically include the theory until after discovery had closed.  Defendants should thus be given an opportunity to fairly meet the allegations of the amended pleading.  But discovery will be reopened for the limited purpose of allowing Defendants to disclose an expert witness on the narrow issue raised by Plaintiffs' Fourth Amended Complaint.  Defendants will be given 30 days to provide their expert disclosure, and Plaintiffs will be provided 30 days thereafter to depose any expert disclosed and/or to provide any rebuttal report.

Therefore, **IT IS HEREBY ORDERED:**

1.     Defendants will have 30 days from the date of this order to provide an expert disclosure, pursuant to Fed. R. Civ. P. 26(a)(2)(B), on the question of whether the fire at issue was caused by a leak of propane gas from the base of the valve or "spud"; and if such leak occurred, whether it was the result of a defective unreasonably dangerous condition that existed at the time of the sale of the propane cylinder.

2.	Plaintiffs will be given 30 days after service of such disclosure to depose any witness disclosed by Defendants and/or to serve any rebuttal report.

This Order does not serve to extend any other deadline set by the Court's scheduling orders in this case.

DATED this 15th day of October, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge